SMITH (BEAN v.). See Case No. 1,174.

SMITH (BELDEN v.). See Case No. 1,242.

SMITH (BERRY v.). See Case No. 1,359.

## Case No. 13,014.

### SMITH v. BILLING et al.

[3 Cranch, C. C. 355.] [1]

Circuit Court, District of Columbia. Dec. Term, 1828.

ADMINISTRATORS — SALE SET ASIDE — TITLE TO GOODS SOLD — PERSONAL REPRESENTATIVES — ORPHANS' COURT OF DISTRICT OF COLUMBIA.

1. The orphans' court set aside the administratrix's sale, as being fraudulent, and charged her with the goods at the appraised value. *Held*, that such charge did not vest the title of the goods in the administratrix in her own right.

2. The administrator de bonis non of R. B., and not the distributees of the estate of R. B., is his personal representative.

3. The orphans' court had no jurisdiction between the parties.

Replevin [by Nathan Smith, administrator of Robert Brown, against W. W. Billing and James Kennedy, executors of Margaret Brown] for a slave, named Henry, and a clock, the plaintiff claiming them as unadministered assets of the estate of Robert Brown, of which estate his wife, the late Margaret Brown, deceased, was administratrix. Plea, property in the defendants; general replication and issue.

Mr. Wallach, for defendants, offered in evidence a transcript of the record of the proceedings of the orphans' court, on the 1st of April, 1826, stating that, "Pursuant to an application made to this court," (the orphans' court,) "by the attorney for the representatives of Robert Brown, deceased, claiming their respective portions of the residuary balance of his personal estate, summonses were issued to the securities of his administratrix, the late Margaret Brown, his widow, and against the executors of the said Margaret, now deceased, to appear before this court," (the orphans' court,) "on the 25th of March last, to show cause why the prayer of the applicants should not be granted; it being alleged by them that the said Margaret, administratrix of the said Robert Brown, in

[1] [Reported by Hon. William Cranch, Chief Judge.]

the administration of the estate of her deceased husband, had been guilty of fraud, which rendered her and her securities liable for the full amount of the appraisement of the personal goods, chattels, and effects of the said Robert Brown. The parties, except the securities of the said Margaret Brown, appearing, by mutual consent the case was postponed till Thursday, the 30th of March aforesaid, when the depositions of Thomas Donoho," and others, were taken and filed, tending to show that the sale of the personal estate was not fairly advertised, and that the administratrix fraudulently purchased the property at a price far below the appraisement. The orphans' court, after stating the testimony, proceeded thus: "The court, therefore, is obliged to pronounce the sale which was thus made by the administratrix, to have been unfair and fraudulent; and further to pronounce, on the testimony of Nicholas Cassidy, that the articles purchased by him were bought especially and solely for the administratrix; and that the negroes were purchased by herself, at a price far below the appraisement, as proved by the last-mentioned deponent, and the account of sales, as furnished by the auctioneer, David Bates, and returned and sworn to by the administratrix, Margaret Brown. On a review of the above facts, the court is of opinion that the sale of the said goods, chattels, and effects of Robert Brown, deceased, by his administratrix, was without due notice, and was so made for the purpose of purchasing in the same at a price below their value or appraisement, for her own benefit; therefore she has incurred the penalty affixed to such a transaction by Act 1798, c. 101, and in the third section of the eighth chapter of said act; and, therefore, in the settlement of her accounts ought to have charged herself with the whole amount of the appraisement contained in the inventory. Is is consequently decreed that the register of wills make out a statement, charging the administratrix aforesaid with the amount of said appraisement, and with all moneys received by her, and crediting her with the payments made by her, and that he allow her a commission of seven and a half per cent. on the amount of said inventory, and of the moneys received by her; and that the balance appearing to be due by her be divided into two equal parts; one part being due to her, as her share of the residuary personal estate of her late husband, Robert Brown; the other part being due to the legal representatives of Robert Brown entitled to receive the same, each according to his rightful portion, on the 18th of February, 1817, that being the time,—as she had, in fact, made herself the purchaser, and liable for the full appraised value of the goods, chattels, and effects of the deceased,—when she might have finally closed her administra-tion, having assets in her hands sufficient therefor." The counsel for the defendants contend that, by this decree of the orphans' court, the title to the goods passed to her in her own right; and that she was, and her sureties were, and now are, liable to the distributees for their share of the balance; and if the plaintiff recovers in this action, which is brought for the use of the distributees, they may still recover against the sureties of the administratrix, and the recovery in this action would be no bar to that.

Mr. Coxe and Mr. Jones, contrà. The decree passed no title. It only prevented the administratrix from having credit for the difference between the appraisement and the sale; and she only remains chargeable for the amount of the inventory, as she was originally. She never made another sale. The first sale was void. If she had afterwards sold it for more than the appraisement, she would have been liable for the surplus. If lost without her fault, she would be credited for the same, at the appraised value.

Mr. Key, in reply. She could not be thus credited, for the decree of the orphans' court is conclusive against her. She is charged, absolutely, for the whole inventory; and it would be unjust to charge her unless the property became hers absolutely, and in her own right.

THE COURT (nem. con.) instructed the jury, that the decree of the orphans' court did not change the title of the property.

Mr. Key, for the defendants, then prayed the court to instruct the jury, that the decree of the orphans' court is void, because that court had not jurisdiction between the parties, namely, "the representatives of Robert Brown," (not naming them,) against the executors of Margaret Brown, who was the administratrix of Robert Brown, and her "securities," to set aside a credit claimed by her in her administration account, and to compel a distribution.

Mr. Coxe, contrà. The decree is the defendants' own evidence, and they cannot impeach it.

THE COURT (nem. con.) was of opinion that the orphans' court had not jurisdiction of the cause; and that the decree was void, because it was coram non judice. The administrator de bonis non of Robert Brown was the only party who could call on the executors of Margaret Brown for the assets of the estate of Robert Brown, which came to the hands of Margaret Brown.

Verdict for the defendants. Motion for a new trial refused.